IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

|  |  |
|---|---|
| IN RE CHARLES O. SHEPHARD,<br><br>Debtor/Appellant. | Case No. 1:15CV00030<br><br>**OPINION**<br><br>By: James P. Jones<br>United States District Judge |

*Charles O. Shephard, Pro Se Appellant.*

By order entered December 15, 2014, the United States Bankruptcy Court for the Western District of Virginia (the "bankruptcy court") denied Charles O. Shephard's (the "debtor") motion to expunge prior bankruptcy filings from his credit report. The bankruptcy court's order both framed and addressed a motion filed by the pro se debtor in a closed Chapter 7 bankruptcy proceeding that is — at best — difficult to interpret. The debtor's motion is entitled a "motion to remove from credit," and appears to request the removal of two voluntary bankruptcy filings that were filed by the debtor in 2013.[1] (Mot. Case 7:13-bk-71197, ECF No. 28.) The debtor's request appears to be based on his mistaken belief that filing for bankruptcy relief would address various debts that he attributes to identity theft.

---

[1] The debtor initiated two bankruptcy proceedings through the filing of two Chapter 7 Voluntary Petitions on June 5, 2013 (Case No. 7:13-bk-70961), and July 22, 2013 (Case No. 7:13-bk-71197).

In framing the debtor's motion as a request to expunge the debtor's prior bankruptcy filings from the court records, the bankruptcy court considered whether expungement was appropriate under section 107(a) of the Bankruptcy Code. Section 107(a) states, in part, that "the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). The bankruptcy court noted that section 107(b) identifies exceptions that allow a court to enter an order to protect entities "with respect to a trade secret or confidential research, development, or commercial information," or to protect persons "with respect to scandalous or defamatory matter contained in" documents filed with the court. 11 U.S.C. § 107(b)(1)-(2). However, in denying the debtor's motion, the bankruptcy court concluded that none of the circumstances identified in section 107(b) applied in this case.

Following entry of the bankruptcy court's order on December 15, 2014, the debtor did not appeal. Rather, over five months later on May 25, 2015, the debtor filed a second motion with the bankruptcy court requesting relief analogous to that which was previously denied. In this motion, however, the debtor framed his request as a motion to "vacate and close" the prior bankruptcy filings. (Mot. Case 7:13-bk-71197, ECF No. 31.) On June 3, 2015, the bankruptcy court entered an order denying the debtor's second motion for the reasons stated in the court's previous order addressing expungement.

On June 15, 2015, the bankruptcy court docketed the debtor's pro se notice of appeal in case no. 7:13-bk-71197 only. In the notice, the debtor reasserts that he was a victim of identity theft and states that he twice filed for bankruptcy relief in an attempt to reopen a prior bankruptcy proceeding that was "discharged" on January 11, 2011. (Notice of Appeal Case 7:13-bk-71197, ECF No. 34.) Moreover, the debtor appears to acknowledge that the relief he requests was twice denied by the bankruptcy court. (*Id.* ("I . . . appeal your dission [sic] on two different cases[.] I find that both denials that I recieved [sic] are both formal denials . . . .").)

On June 16, 2015, the bankruptcy court clerk entered a notice of deficiency indicating that the debtor had not paid filing costs associated with the appeal, along with other deficiencies associated with the debtor's failure to identify the parties to the appeal. To date, the debtor has not paid the filing costs associated with this appeal. Moreover, the only documents in the record before this court are the notice of appeal, as amended, and the designation of record on appeal.

Under these circumstances, I am obligated to address whether this court has jurisdiction over this appeal. District courts "have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges." 28 U.S.C. § 158(a). "The timely filing of a notice of appeal is a prerequisite to this court's jurisdiction to

-3-

Case 1:15-cv-00030-JPJ-PMS   Document 4   Filed 08/11/15   Page 3 of 5   Pageid#: 53

review a final judgment or order of the bankruptcy court." *Lowe's of Va., Inc. v. Thomas*, 60 B.R. 418, 420 (W.D. Va. 1986). Federal Rule of Bankruptcy Procedure 8002 provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).

In this case, the bankruptcy court considered the issue of expungement on two separate occasions in response to analogous motions filed by the debtor over the course of approximately six months. Based on the record currently before the court, both motions filed by the debtor sought the same relief, warranting the conclusion that the order subject to appeal is the bankruptcy court's December 15, 2014, order.

Pursuant to Rule 8002(a)(1), the notice of appeal was not filed within 14 days after entry of the bankruptcy court's December 15, 2014 order. Furthermore, the second motion filed by the debtor did not extend the time to file an appeal. *See* Fed. R. Bankr. P. 8002(b)(1) (setting forth limited options for tolling following the timely filing of a listed motion). As a result, this court lacks jurisdiction to consider this appeal.

Moreover, even if this court did have jurisdiction, the debtor's failure to pay the mandatory filing fee in this case cannot be ignored. Fed. R. Bankr. P. 8003(a)(3)(C) ("The notice of appeal must . . . be accompanied by the prescribed

fee."). Pursuant to Federal Rule of Bankruptcy Procedure 8003, the failure to pay the filing fee does not "affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2); *see Lowe's of Va.*, 60 B.R. at 420 ("Failure . . . to promptly pay the filing fee before the expiration of the . . . period for filing a notice of appeal will not preclude the district court from exercising jurisdiction to consider the appeal since payment of the fee is not determinative in establishing compliance with the . . . notice requirement."). As a result, if this court did have jurisdiction, the debtor's failure to pay the filing fee would likely result in a show cause order prior to dismissal, *see In re Fifer*, No. 7:15-cv-00163, 2015 WL 3542798, at *3 (W.D. Va. June 4, 2015), or outright dismissal, *see In re Boss Mgmt. Grp., Inc.*, No. 6:07mc00002, 2007 WL 1959172, at *3 (W.D. Va. July 3, 2007).

For these reasons, the appeal will be dismissed. A separate final order will be entered herewith.

DATED: August 11, 2015

/s/ James P. Jones
United States District Judge